IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FAMILIES A through V,

    *Plaintiffs*,

v.

Case No. 4:22-cv-222-AW-MAF

RON DESANTIS, as Governor of
Florida; et al.,

    *Defendants*.

_____/

**DEFENDANTS' JOINT REPLY
TO PLAINTIFFS' RESPONSE TO STATE AGENCY
DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Pursuant to this Court's Order Granting Motion for Leave to File Reply dated November 14, 2022 (ECF No. 35), Defendants[1] file this Reply to Plaintiffs' Response to State Agency Defendants' Motion to Dismiss the Amended Complaint (the "Response") (ECF No. 32).

---

[1] "Defendants" includes Governor Ron DeSantis, in his official capacity, and "State Agency Defendants," which refers to Shevaun Harris, in her official capacity as Secretary of the Florida Department of Children and Families ("DCF"); Dr. Joseph A. Ladapo, M.D., in his official capacity as Florida Surgeon General and Secretary of the Florida Department of Health ("DOH"); Patricia Armstrong, in her official capacity as the Bureau Chief of the DOH Child Protection Team; and Dennis Moore, in his official capacity as Executive Director for the Florida Guardian ad Litem Office.

## Memorandum of Law

Defendants file this Reply to address Plaintiffs' argument that an enforceable private right of action exists under 42 U.S.C. § 671(a)(10).  (ECF No. 32 at 18-19). Plaintiffs are wrong for two reasons.  First, the Amended Complaint fails to allege a violation of § 671(a)(10).  Second, no private right of action is available under the statute.

First, this Court need not determine whether an enforceable private right of action exists under § 671(a)(10) because the Amended Complaint does not allege a violation of the statute.[2]  Count I cites 42 U.S.C. §§ 671(a)(19) and (a)(29), as well as unspecified "violations of 42 U.S.C. §§ 671(a) et seq and 675a(a)(1)."  (ECF No. 24 at 35-38).  Count II cites 42 U.S.C. § 671(a)(31)(A) and (B).  (ECF No. 24 at 38-40).  Count III alleges constitutional violations.  (ECF No. 24 at 41-42).  None of the Counts in the Amended Complaint cites § 671(a)(10) nor alleges enforceable private rights of action under the statute.

The Amended Complaint also does not allege the short and plain facts necessary to support an alleged violation of § 671(a)(10). Section 671(a)(10) speaks to

> the establishment or designation of a State authority or authorities that shall be responsible for establishing and maintaining standards for

---

[2] The Amended Complaint also alleges violations of constitutional provisions that are not the subject of this Reply and are addressed in State Agency Defendants' Motion to Dismiss.

> foster family homes and child care institutions which are reasonably in accord with recommended standards of national organizations concerned with standards for the institutions or homes, including standards related to admission policies, safety, sanitation, and protection of civil rights, and which shall permit use of the reasonable and prudent parenting standard . . . .

42 U.S.C. § 671(a)(10)(A). There are no factual allegations in the Amended Complaint relating to the standards for foster family homes and childcare institutions, identifying any national organizations concerned with these standards, or describing how Defendants have failed to establish a State authority or authorities responsible for the establishment and maintenance of these standards.

Moreover, the sheer fact that Defendants were unaware Plaintiffs apparently attempted to bring a cause of action under § 671(a)(10) illustrates the fatal lack of clarity that remains in the Amended Complaint and the necessity of its dismissal. *See Cramer v. Florida*, 117 F.3d 1258, 1261, 1263 (11th Cir. 1997) (holding that it is "altogether unacceptable" to file a shotgun "pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is that [plaintiffs] are claiming"); *see also Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (holding that Defendants must have "adequate notice of the claims against them and the grounds upon which each claim rests").

Second, aside from the insufficiency of Plaintiffs' allegations, § 671(a)(10) does not create a private right of action. Like the other federal statutes Plaintiffs cite, § 671(a)(10) fails the test articulated in *Blessing v. Freestone*, 520 U.S. 329,

3

340 (1997), because it contains no rights-creating language focused on individuals and includes "vague and amorphous" language that would strain judicial competence. *See, e.g.*, *White ex rel. White v. Chambliss*, 112 F.3d 731, 739 (4th Cir. 1997) ("[S]ection 671(a)(10) does not create an enforceable right."); *Yvonne L. ex rel Lewis v. N.M. Dep't Human Servs.*, 959 F.2d 883, 889-90 (10th Cir. 1992) (holding that § 671(a)(10) is too "vague and amorphous" to be judicially enforced); *Ansara v. Maldonado*, No. 2:19-cv-01394-GMN-VCF, 2020 WL 2281476, at *5 (D. Nev. May 7, 2020) (holding that § 671(a)(10) creates no private cause of action); *Clark K. v. Guinn*, No. 2:06-CV-1068-RCJ-RJJ, 2007 WL 1435428, at *9 (D. Nev. May 14, 2007) (listing multiple reasons why § 671(a)(10) does not create a private right of action); *Olivia Y. ex rel. Johnson v. Barbour*, 351 F. Supp. 2d 543, 563 (S.D. Miss. 2004) ("Plaintiffs' claim of a right to placement in foster homes or facilities that conform to national professional standards is based on § 671(a)(10), . . . . [which] does not create an individual federal right enforceable via § 1983.").

Plaintiffs' cited cases should not be considered persuasive. (ECF No. 32 at 18-19 (citing *Brian A. ex rel. Brooks v. Sundquist*, 149 F. Supp. 2d 941 (M.D. Tenn. 2000), and *Kenny A. ex rel. Winn v. Perdue*, 218 F.R.D. 277 (N.D. Ga. 2003))). Those cases alleged violations of different federal rights based upon multiple federal statutes that are not at issue in this case. *See Kenny A.*, 218 F.R.D. at 292-93; *Brian A.*, 149 F. Supp. 2d at 945-46.

4

Moreover, the Eleventh Circuit has explicitly rejected the *Brian A.* Court's legal analysis. *Compare Brian A.*, 149 F. Supp. 2d at 946-49, *with Harris v. James*, 127 F.3d 993, 1002-03 (11th Cir. 1997). No enforceable private right of action exists where a State has broad discretion for how to comply with federal directives that "impose only a rather generalized duty on the State," *Suter*, 503 U.S. at 360, 363, or where the statute discusses institutional policies or practices, which speak to an aggregate focus and "cannot 'give rise to individual rights,'" *Gonzaga Univ. v. Doe*, 536 U.D. 273, 288 (2002) (quoting *Blessing*, 520 U.S. at 344.).

*Kenny A.* also should be disregarded because it cited *Brian A.*, analyzed multiple federal statutes not at issue in this case to determine whether private rights of action were available, and notably did not conclude that § 671(a)(10) focused on the needs of individual children as opposed to having a systemwide or aggregate focus. *Kenny A.*, 218 F.R.D. at 292-93.

Plaintiffs' cited cases assert different federal rights under different statutes and rely upon legal reasoning that has been rejected in the Eleventh Circuit. This Court should not be persuaded to rule against the vast weight of authority concluding that § 671(a)(10) has an aggregate focus and is too vague and amorphous to judicially enforce. It does not create an enforceable private right of action.

**Conclusion**

For the above reasons, and those in State Agency Defendants' Motion to Dismiss, Defendants request this Court dismiss the Amended Complaint.

Respectfully submitted this 21st day of November, 2022.

*/s/ Nicholas J.P. Meros*
**Nicholas J.P. Meros**
Florida Bar No.: 120270
*Deputy General Counsel*
**Maureen Furino**
Florida Bar No.: 119750
*Deputy General Counsel*
Executive Office of the Governor
The Capitol, PL-5
400 S. Monroe Street
Tallahassee, FL  32399
Telephone: 850-717-9310
Email: nicholas.meros@eog.myflorida.com
Email: maureen.furino@eog.myflorida.com

*Attorneys for Defendant Governor Ron DeSantis*

*/s/  George N. Meros, Jr.*
**Jason Gonzalez**
Florida Bar No.:146854
**Benjamin J. Gibson**
Florida Bar No.: 58661
**George N. Meros, Jr.**
Florida Bar No.:  263321
**Tara R. Price**
Florida Bar No.: 98073
**Shutts & Bowen LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
Telephone:  850-241-1717
Email: jasongonzalez@shutts.com
Email: bgibson@shutts.com
Email: gmeros@shutts.com
Email: tprice@shutts.com
Secondary email: chill@shutts.com
Secondary email: mmontanaro@shutts.com

*Attorneys for Defendants DCF Secretary Shevaun Harris, Surgeon General and DOH Secretary Joseph Ladapo, DOH Bureau Chief Patricia Armstrong, and GAL Executive Director Dennis Moore*

**W. Eugene Gandy**
Florida Bar No. 858218
**Florida Department of Health**
Office of the General Counsel
4052 Bald Cypress Way, Bin A-02
Tallahassee, Florida 32399
(850) 245-4005
Email:  william.gandy@flhealth.gov
Secondary Email:
nikkisha.asbey@flhealth.gov

*Attorney for Defendants Surgeon General and DOH Secretary Joseph Ladapo and DOH Bureau Chief Patricia Armstrong*

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify that this computer-generated motion complies with the font requirements mandated under N.D. Fla. Local Rule 7.1(F) and contains 1,272 words.

*/s  George N. Meros, Jr.*
Attorney

### CERTIFICATE OF SERVICE

I hereby certify that this 21st day of November, 2022, a copy of the foregoing was filed through CM/ECF, with electronic service on counsel for all parties of record.

*/s/  George N. Meros, Jr.*
Attorney